JS 44 (Rev. 02/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

SCOTT PECK, on behalf of himself and all others similarly situated

**(b)** County of Residence of First Listed Plaintiff   Bucks County, PA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Roberta D. Liebenberg, Esq.
Fine, Kaplan and Black, RPC
One South Broad St., 23rd Fl., Philadelphia, PA 19107, 215-567-6565

## DEFENDANTS

WAWA, INC.                20        152

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ❑ 1  U.S. Government Plaintiff
- ❑ 3  Federal Question *(U.S. Government Not a Party)*
- ❑ 2  U.S. Government Defendant
- ☒ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ❑ 1 | Incorporated *or* Principal Place of Business In This State | ❑ 4 | ☒ 4 |
| Citizen of Another State | ❑ 2 | ❑ 2 | Incorporated *and* Principal Place of Business In Another State | ❑ 5 | ❑ 5 |
| Citizen or Subject of a Foreign Country | ❑ 3 | ❑ 3 | Foreign Nation | ❑ 6 | ❑ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❑ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❑ 625 Drug Related Seizure of Property 21 USC 881 | ❑ 422 Appeal 28 USC 158 | ❑ 375 False Claims Act |
| ❑ 120 Marine | ❑ 310 Airplane | ❑ 365 Personal Injury - Product Liability | ❑ 690 Other | ❑ 423 Withdrawal 28 USC 157 | ❑ 376 Qui Tam (31 USC 3729(a)) |
| ❑ 130 Miller Act | ❑ 315 Airplane Product Liability | ❑ 367 Health Care/ | | | ❑ 400 State Reapportionment |
| ❑ 140 Negotiable Instrument | ❑ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ❑ 410 Antitrust |
| ❑ 150 Recovery of Overpayment & Enforcement of Judgment | ❑ 330 Federal Employers' Liability | Product Liability | | ❑ 820 Copyrights | ❑ 430 Banks and Banking |
| ❑ 151 Medicare Act | ❑ 340 Marine | ❑ 368 Asbestos Personal Injury Product | | ❑ 830 Patent | ❑ 450 Commerce |
| ❑ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ❑ 345 Marine Product Liability | Liability | | ❑ 835 Patent - Abbreviated New Drug Application | ❑ 460 Deportation |
| | | **PERSONAL PROPERTY** | **LABOR** | ❑ 840 Trademark | ❑ 470 Racketeer Influenced and Corrupt Organizations |
| ❑ 153 Recovery of Overpayment of Veteran's Benefits | ❑ 350 Motor Vehicle | ❑ 370 Other Fraud | ❑ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ❑ 480 Consumer Credit |
| ❑ 160 Stockholders' Suits | ❑ 355 Motor Vehicle Product Liability | ❑ 371 Truth in Lending | ❑ 720 Labor/Management Relations | ❑ 861 HIA (1395ff) | ❑ 485 Telephone Consumer Protection Act |
| ❑ 190 Other Contract | ❑ 360 Other Personal Injury | ❑ 380 Other Personal Property Damage | ❑ 740 Railway Labor Act | ❑ 862 Black Lung (923) | ❑ 490 Cable/Sat TV |
| ❑ 195 Contract Product Liability | ❑ 362 Personal Injury - Medical Malpractice | ❑ 385 Property Damage Product Liability | ❑ 751 Family and Medical Leave Act | ❑ 863 DIWC/DIWW (405(g)) | ❑ 850 Securities/Commodities/ Exchange |
| ❑ 196 Franchise | | | ❑ 790 Other Labor Litigation | ❑ 864 SSID Title XVI | ❑ 890 Other Statutory Actions |
| | | | | ❑ 865 RSI (405(g)) | ❑ 891 Agricultural Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ❑ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ❑ 893 Environmental Matters |
| ❑ 210 Land Condemnation | ❑ 440 Other Civil Rights | **Habeas Corpus:** | | ❑ 870 Taxes (U.S. Plaintiff or Defendant) | ❑ 895 Freedom of Information Act |
| ❑ 220 Foreclosure | ❑ 441 Voting | ❑ 463 Alien Detainee | | ❑ 871 IRS—Third Party 26 USC 7609 | ❑ 896 Arbitration |
| ❑ 230 Rent Lease & Ejectment | ❑ 442 Employment | ❑ 510 Motions to Vacate Sentence | | | ❑ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ❑ 240 Torts to Land | ❑ 443 Housing/ Accommodations | ❑ 530 General | | | |
| ❑ 245 Tort Product Liability | ❑ 445 Amer. w/Disabilities - Employment | ❑ 535 Death Penalty | **IMMIGRATION** | | ❑ 950 Constitutionality of State Statutes |
| ❑ 290 All Other Real Property | ❑ 446 Amer. w/Disabilities - Other | **Other:** | ❑ 462 Naturalization Application | | |
| | ❑ 448 Education | ❑ 540 Mandamus & Other | ❑ 465 Other Immigration Actions | | |
| | | ❑ 550 Civil Rights | | | |
| | | ❑ 555 Prison Condition | | | |
| | | ❑ 560 Civil Detainee - Conditions of Confinement | | | |

JAN - 8 2020

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1  Original Proceeding
- ❑ 2  Removed from State Court
- ❑ 3  Remanded from Appellate Court
- ❑ 4  Reinstated or Reopened
- ❑ 5  Transferred from Another District *(specify)*
- ❑ 6  Multidistrict Litigation - Transfer
- ❑ 8  Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. § 1332(d) - Diversity of Citizenship

Brief description of cause:
Data Breach; Negligence; Negligence Per Se; Breach of Implied Contract

## VII. REQUESTED IN COMPLAINT:

☒ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ > $5,000,000

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes   ❑ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE   Gene E. K. Pratter
DOCKET NUMBER   19-cv-06019

DATE   1|8|2020

SIGNATURE OF ATTORNEY OF RECORD

## FOR OFFICE USE ONLY

RECEIPT #_____  AMOUNT_____  APPLYING IFP_____  JUDGE_____  MAG. JUDGE_____

GEKP

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

20   152

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____27 Diamond Drive, Newtown, PA 18940_____

Address of Defendant: _____260 W. Baltimore Pike, Wawa, PA 19063_____

Place of Accident, Incident or Transaction: _____United States_____

**RELATED CASE, IF ANY:**

Case Number: ____19-cv-06019____   Judge: ____Gene E.K. Pratter____   Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes ☐   No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes ☑   No ☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?    Yes ☐   No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?    Yes ☐   No ☑

I certify that, to my knowledge, the within case ☑ is / ☐ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __01/08/2020__   _____   __31738__
                        *Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.**   *Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☐ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
       *(Please specify):* _____

**B.**   *Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):* _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☑ 9. All other Diversity Cases
      *(Please specify):* ____Negligence - Data Breach____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, __Roberta D. Liebenberg__, counsel of record *or pro se plaintiff*, do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

JAN – 8 2020

DATE: __01/08/2020__   _____   __31738__
                        *Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

*GEK1*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| SCOTT PECK, on behalf of himself and all others similarly situated, | : | CIVIL ACTION |
| v. | : | **20        152** |
| WAWA, INC. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.                    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.                    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)                    ( X )

(f) Standard Management – Cases that do not fall into any one of the other tracks.             ( )

| | | |
|---|---|---|
| 1/8/2020 | _Roberta D. Liebenberg_ | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-567-6565 | 215-568-5872 | rliebenberg@finekaplan.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

JAN - 8 2020

JAN - 8 2020



# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

20      152

Civil Action No.

SCOTT PECK
on behalf of himself and all others similarly situated,

Plaintiff,

v.

WAWA, INC.,

Defendant.

**CLASS ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiff Scott Peck ("Plaintiff"), individually and on behalf of a class of all those similarly situated (the "Class" or "Class Members"), upon personal knowledge of the facts pertaining to Plaintiff and on information and belief as to all other matters, and upon the investigation conducted by Plaintiff's counsel, files this civil action against defendant Wawa, Inc. ("Wawa"), and alleges as follows:

## SUMMARY OF THE CASE

1.      Wawa is a privately-held corporation that operates over 850 convenience stores in six states and the District of Columbia.[1] It reportedly surpassed $12 billion in revenue in 2018, and claims to serve over 700 million customers annually.[2]

2.      On December 19, 2019, Wawa revealed that it had discovered malicious software ("malware") on Wawa payment processing servers.  According to Wawa, "[t]his malware affected customer payment card information used at potentially all Wawa locations beginning at different points in time after March 4, 2019 and until it was contained" on December 12, 2019.[3]

3.      Plaintiff brings this class action on behalf of a nationwide class against Wawa because of its failure to protect the confidential information of millions of its customers, including credit and debit card numbers, expiration dates, and cardholder names on payment cards (collectively, "Financial Information"). Wawa's wrongful disclosure (the "Data Breach") has harmed Plaintiff and the Class.

---

[1] https://www.wawa.com/about (last accessed Jan. 8, 2020).

[2] Ellie Silverman, *Wawa is undergoing a huge expansion, from grain bowls to fair-trade coffee to catering*, Philadelphia Inquirer, Apr. 4, 2019, available at https://www.inquirer.com/business/retail/wawa-coffee-hoagies-bowls-philadelphia-pennsylvania-new-jersey-florida-20190404.html (last accessed Jan. 8, 2020).

[3] https://www.wawa.com/alerts/data-security (last accessed Jan. 8, 2020).

## JURISDICTION AND VENUE

4.     This Court has subject matter jurisdiction pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d)(2), because this is a class action in which the matter in controversy exceeds the sum of $5,000,000, there are more than 100 proposed Class Members, and minimal diversity exists as Defendant is a citizen of a state different from that of at least one Class Member.

5.     This Court has personal jurisdiction over Wawa because it is headquartered in this district, registered and regularly conducts business in Pennsylvania, and has sufficient minimum contacts in Pennsylvania such that Wawa intentionally avails itself of this Court's jurisdiction by conducting operations here and contracting with companies in this District.

6.     Venue is proper in this District pursuant to 28 U.S.C. § 1391, because a substantial part of the events or omissions giving rise to the conduct alleged herein occurred in, were directed to, and/or emanated from this District. Venue is additionally proper because Wawa transacts business and may be found in this District.

## PARTIES

7.     Plaintiff Scott Peck is an individual residing in Newtown, Pennsylvania who has been a customer of Wawa, and whose Financial Information, on information and belief, was compromised in the Data Breach described herein. Mr. Peck has been aware of the Data Breach since shortly after its disclosure, and has since invested substantial time in reviewing his statements and transactions to attempt to determine whether he has been victimized as a result of the Data Breach. Mr. Peck is not yet aware of whether that is the case, and has reason to be concerned about the security of his Financial Information until that is determined.

8.     Defendant Wawa, Inc. ("Wawa") is a privately-owned New Jersey corporation with its principal place of business in Wawa, Pennsylvania.

## FACTUAL BACKGROUND

9.     Wawa owns and operates more than 850 convenience retail stores in Pennsylvania, New Jersey, Delaware, Maryland, Virginia, Florida, and Washington, D.C. Wawa is the largest convenience store chain in Greater Philadelphia, and it is also the third-largest retailer of food in Greater Philadelphia.

10.     According to Wawa, "at different points in time after March 4, 2019, malware began running on in-store payment processing systems at potentially all Wawa locations." The malware "was present on most store systems by approximately April 22, 2019."[4] But Wawa did not discover the malware for over nine months after it initially infected Wawa's systems, and did not publicly disclose the Data Breach for over a week after that.

11.     Wawa believes "this malware no longer poses a risk to customers using payment cards at Wawa."[5] However, that assessment does not account for the possibility that Wawa customers whose data has been improperly accessed have been or will be victimized by fraud and/or identity theft resulting from the Data Breach.

12.     Wawa had obligations, arising from promises made to its customers like Plaintiff and other Class Members, and based on industry standards, to keep the Financial Information confidential and to protect it from unauthorized disclosures. Class Members provided their Financial Information to Wawa with the understanding that Wawa and any business partners to whom Wawa disclosed the Financial Information would comply with their obligations to keep such information confidential and secure from unauthorized disclosures.

---

[4] *Id.*

[5] *Id.*

3

13.     Wawa claims it "is fully committed to data security." It further claims to "use security techniques on" its websites, "and through or in connection with our mobile apps or other software- and Internet-enabled programs and services sponsored by Wawa (the 'Sites')" to "help protect against the loss, misuse or alteration of information collected from [its customers] at the Sites." As Wawa puts it, when customers "access [their] account information or transmit personally identifiable data to the Sites, that information is stored on servers that the Sites have attempted to secure from unauthorized access or intrusion. 'Secure Socket Layer' software encrypts personal information [customers] transmit to the Sites."[6]

14.     However, Secure Socket Layer ("SSL") encryption protects information only in the course of its transmission, and not upon its storage on Wawa systems. Moreover, SSL encryption "is not sufficiently secure."[7] Wawa has disclosed no further detail about its efforts to secure its customers' data prior to the Data Breach.

15.     Wawa's security failure demonstrates that it failed to honor its duties and promises by not:

     a.   maintaining an adequate data security system to reduce the risk of data breaches and cyber-attacks;

     b.   adequately monitoring its system to identify the data breaches and cyber-attacks; and

     c.   adequately protecting Plaintiff's and the Class's Financial Information.

16.     Plaintiff and other Class Members have been injured by the disclosure of their Financial Information in the Data Breach.

---

[6] Wawa Official Privacy Policy, *available at* https://www.wawa.com/privacy (last accessed Jan. 8, 2020).

[7] *See* Internet Engineering Task Force, Deprecating Secure Sockets Layer Version 3.0, *available at* https://tools.ietf.org/html/rfc7568 (last accessed Jan. 8, 2020).

17.    Plaintiff and other Class Members would not have provided their Financial Information to Wawa had they known that Wawa did not take reasonable and necessary precautions to secure that information.

18.    Wawa's data security obligations and promises were particularly important given the many high-profile data breaches that have been reported in recent years, breaches that were widely known to the public and to any entity, like Wawa, that does a substantial amount of business via payment cards and online transactions.  In addition, the FTC has brought, and publicized, dozens of cases against companies "that have engaged in unfair or deceptive practices involving inadequate protection of consumers' personal data," including recent cases against Uber Technologies, Venmo, and VTech Electronics Limited.[8]

19.    Wawa also must know the potential for harm to victims of data breaches.  The FTC has long warned businesses and consumers that thieves use stolen personal and financial information for a variety of crimes, including credit card fraud, phone or utilities fraud, and bank/finance fraud.  Identity thieves use illegally-obtained Financial Information such as that accessed in the Data Breach to open financial accounts, receive government benefits, and incur charges and credit in a person's name. Indeed, identity theft "consistently ranks among the top consumer complaints made to the FTC."[9]  Identity theft is particularly pernicious because it often takes some time for the victim to become aware of the theft, there may be a time lag between when Financial Information is stolen and when it used, and the theft can have long-term adverse effects on the victim's credit rating, credit records, and good name.  These problems can be

---

[8] https://www.ftc.gov/system/files/documents/reports/privacy-data-security-update-2018/2018-privacy-data-security-report-508.pdf at p.5 (last accessed Jan. 8, 2020).
[9] https://www.ftc.gov/news-events/press-releases/2019/02/imposter-scams-top-complaints-made-ftc-2018 (last accessed Jan. 8, 2020).

exacerbated where, as here, data breach victims do not learn of the breach until months after the initial breach.

20.     With access to an individual's Financial Information, criminals can do more than just empty a victim's bank account—they can also commit all manner of fraud, including obtaining a driver's license or official identification card in the victim's name but with the thief's picture. In addition, identity thieves may obtain a job, rent a house, or receive medical services in the victim's name. Identity thieves may even give the victim's personal information to police during an arrest, resulting in an arrest warrant being issued in the victim's name.[10]

21.     Financial Information is such a valuable commodity to identity thieves that once the information has been compromised, criminals often trade the information on the "cyber black-market" for years. As a result of recent large-scale data breaches, identity thieves and cyber-criminals have openly posted stolen credit card numbers and other Financial Information directly on various Internet websites, making the information publicly available.

22.     Identity theft victims frequently are required to spend many hours and large amounts of money repairing the impact to their credit and their lives.

23.     Indeed, data breaches and identity theft have a crippling effect on individuals and detrimentally impact the entire economy as a whole. Financial databases are especially valuable to identity thieves.

## DAMAGE TO PLAINTIFF AND CLASS MEMBERS

24.     Plaintiff and Class Members have been damaged by the disclosure of their Financial Information in the Data Breach.

---

[10] *See Warning Signs of Identity Theft*, Federal Trade Commission, https://www.identitytheft.gov/Warning-Signs-of-Identity-Theft (last accessed January 8, 2020).

25.     Class Members face a substantial and imminent risk of fraudulent charges on their credit and debit cards. Whoever stole their Financial Information did so with the intent to use it for fraudulent purposes and/or to sell it to others with similar intentions.

26.     Many Class Members have unknowingly already experienced, or will soon experience, fraudulent credit and debit card purchases as a result of the Data Breach.

27.     Yet more Class Members, as a result of the Data Breach, will incur out-of-pocket costs -- such as credit monitoring fees, credit report fees, fees for replacement cards, and similar costs -- and expend time arranging for protective measures.

28.     Plaintiff and Class Members also suffered "benefit of the bargain" damages. Class Members paid Wawa for goods with the legitimate expectation that their payments would be directed in part towards adequate data security. Wawa did not provide Class Members with such security.

29.     Plaintiff and Class Members have spent and will continue to spend substantial amounts of time monitoring their credit and debit card accounts for fraud, disputing fraudulent transactions, and reviewing their financial affairs more closely than they otherwise would have but for the Data Breach. Plaintiff and Class Members will also spend time obtaining replacement cards and updating the card information they have stored with merchants other than Wawa. These efforts are burdensome and time-consuming.

30.     Wawa has acknowledged that Plaintiff and Class Members face a heightened risk of identity theft as a result of the Data Breach. Wawa advised customers to: (i) "Review Your Payment Card Account Statements" and "notify the relevant payment card company" if "you believe there is an unauthorized charge on your payment card"; (ii) "Order a Credit Report" and "review the entire report carefully" to "look for any inaccuracies and/or accounts you don't

7

recognize, and notify the credit bureaus as soon as possible in the event there are any"; (iii) "Place a Fraud Alert" on credit files to "protect you against the possibility of an identity thief opening new credit accounts in your name"; and (iv) "Place a Security Freeze on Your Credit File" to "prevent creditors from accessing your credit file at the three nationwide credit bureaus without your consent."[11] Those instructions reflect Wawa's understanding that Plaintiff and Class Members face risks beyond fraudulent credit and debit card transactions.

## WAWA VIOLATED THE FTC ACT

31.     Section 5 of the Federal Trade Commission Act, 15 U.S.C. § 45, prohibits "unfair . . . practices in or affecting commerce." The FTC has held that the failure to employ reasonable measures to protect against unauthorized access to confidential consumer data constitutes an unfair act or practice prohibited by Section 5.

32.     Various FTC publications and orders also form the basis of Wawa's duty. The FTC published guidance establishing reasonable data security practices for businesses. The FTC guidance provides that businesses should, among other things: protect the personal customer information they acquire; properly dispose of personal information that is not necessary to maintain; encrypt information stored on computer networks; understand their network's vulnerabilities; and install vendor-approved updates to address those vulnerabilities. FTC guidance also recommends that businesses use an intrusion detection system to expose a breach as soon as it occurs; monitor all incoming traffic for activity indicating that someone may be trying to penetrate the system; and watch for large amounts of data being transmitted from the system.

---

[11] https://www.wawa.com/alerts/data-security (last accessed Jan. 8, 2020)

33.     Wawa violated Section 5 of the FTC Act (and similar state statutes) by failing to use reasonable measures to protect Financial Information and not complying with industry standards.

## CLASS ALLEGATIONS

34.     Pursuant to Fed. R. Civ. P. 23(b)(2) and (b)(3), as applicable, and (c)(4), Plaintiff seeks certification of the following Nationwide Class (the "Class") defined as follows:

> All persons in the United States whose Financial Information was maintained on the servers of Wawa that were compromised as a result of the breach announced by Wawa on December 19, 2019.

35.     Pursuant to Fed. R. Civ. P. 23(b)(2) and (b)(3), as applicable, and (c)(4), Plaintiff seeks certification of Pennsylvania claims on behalf of a Pennsylvania subclass, defined as follows:

> All natural persons residing in the Commonwealth of Pennsylvania whose Financial Information was compromised in the Data Breach.

36.     The Class and Subclass are so numerous that joinder of all members is impracticable. On information and belief, the Class and Subclass have several million members. Moreover, the disposition of the claims of the Class and Subclass in a single action will provide substantial benefits to all parties and the Court.

37.     There are numerous questions of law and fact common to Plaintiff and Class Members. These common questions of law and fact include, but are not limited to, the following:

   a.  Whether Wawa's data security systems prior to the Data Breach complied with all applicable legal requirements;

   b.   Whether Wawa's data security systems prior to the Data Breach met industry standards;

9

      c.    Whether Plaintiff's and other Class members' Financial Information was

            compromised in the Data Breach; and

      d.    Whether Plaintiff and other Class members are entitled to damages as a result of

            Wawa's conduct.

38.    Plaintiff's claims are typical of the claims of the Class's claims. Plaintiff suffered the same injury as Class Members – *i.e.* upon information and belief, Plaintiff's Financial Information was compromised in the Data Breach.

39.    Plaintiff will fairly and adequately protect the interests of the Class and Subclass. Plaintiff has retained competent and capable attorneys with significant experience in complex and class action litigation, including data breach class actions. Plaintiff and his counsel are committed to prosecuting this action vigorously on behalf of the Class and have the financial resources to do so. Neither Plaintiff nor his counsel have interests that are contrary to or that conflict with those of the proposed Class and Subclass.

40.    Wawa has engaged in a common course of conduct toward Plaintiff and other Class and Subclass Members. The common issues arising from this conduct that affect Plaintiff and Class and Subclass Members predominate over any individual issues. Adjudication of these common issues in a single action has important and desirable advantages of judicial economy.

41.    A class action is the superior method for the fair and efficient adjudication of this controversy. Class Members' interests in individually controlling the prosecution of separate actions are low given the magnitude, burden, and expense of individual prosecutions against large corporations such as Wawa. It is desirable to concentrate this litigation in this forum to avoid burdening the courts with individual lawsuits. Individualized litigation presents a potential for inconsistent or contradictory judgments, and also increases the delay and expense to all

parties and the court system presented by the legal and factual issues of this case. By contrast, the class action procedure here will have no management difficulties. Wawa's records and the records available publicly will easily identify the Class Members. The same common documents and testimony will be used to prove Plaintiff's claims.

42.     A class action is appropriate under Fed. R. Civ. P. 23(b)(2) because Wawa has acted or refused to act on grounds that apply generally to Class and Subclass Members, so that final injunctive relief or corresponding declaratory relief is appropriate as to all Class and Subclass Members.

### FIRST COUNT

**NEGLIGENCE**
**On Behalf of Plaintiff and the Nationwide Class, or Alternatively, on Behalf of**
**Plaintiff and the Statewide Subclass**

43.     Plaintiff re-alleges and incorporates by reference all preceding factual allegations.

44.     Wawa required Plaintiff and Class Members to submit non-public Financial Information in order to use payment cards for goods and services at Wawa locations and on the Sites.

45.     By collecting and storing this data, and sharing it and using it for commercial gain, Wawa had a duty of care to use reasonable means to secure and safeguard this Financial Information, to prevent disclosure of the information, and to guard the information from theft.

46.     Wawa's duty included a responsibility to implement a process by which it could detect a breach of its security systems in a reasonably expeditious period of time and give prompt notice to those affected in the case of a data breach.

47.     Wawa also owed a duty of care to Plaintiff and members of the Class to provide security consistent with industry standards and the other requirements discussed herein, and to

11

ensure that its systems and networks and the personnel responsible for them adequately protected their customers' Financial Information.

48.     Only Wawa was in a position to ensure that its systems were sufficient to protect against the harm to Plaintiff and the members of the Class from a data breach.

49.     Wawa breached its duty by failing to use reasonable measures to protect Plaintiff's and Class Members' Financial Information.

50.     The specific negligent acts and omissions committed by Wawa include, but are not limited to, the following:

     a.  failing to adopt, implement, and maintain adequate security measures to safeguard Plaintiff's and Class Members' Financial Information;

     b.  failing to adequately monitor the security of its networks and systems;

     c.  allowing unauthorized access to Plaintiff's and Class Members' Financial Information; and

     d.  failing to recognize in a timely manner that Plaintiff's and other Class Members' Financial Information had been compromised.

51.     It was foreseeable that Wawa's failure to use reasonable measures to protect and monitor the security of Financial Information would result in injury to Plaintiff and other Class Members. Further, the breach of security, unauthorized access, and resulting injury to Plaintiff and the members of the Class were reasonably foreseeable.

52.     It was therefore foreseeable that the failure to adequately safeguard Financial Information would result in one or more of the following injuries to Plaintiff and the members of the proposed Class: ongoing, imminent, certainly impending threat of identity theft crimes, fraud, and abuse, resulting in monetary loss and economic harm; actual identity theft crimes, fraud, and

abuse, resulting in monetary loss and economic harm; loss of the confidentiality of the stolen

confidential data; the illegal sale of the compromised data on the deep web black market;

expenses and/or time spent on credit monitoring and identity theft insurance; time spent

scrutinizing bank statements, credit card statements, and credit reports; expenses and/or time

spent initiating fraud alerts; decreased credit scores and ratings; lost work time; and other

economic and non-economic harm.

53.     Accordingly, Plaintiff, individually and on behalf of all those similarly situated,

seeks an order declaring that Wawa's conduct constitutes negligence and awarding damages in

an amount to be determined at trial.

## SECOND COUNT

### NEGLIGENCE *PER SE*
**On Behalf of Plaintiff and the Nationwide Class, or Alternatively, on Behalf of Plaintiff and the Statewide Subclass**

54.     Plaintiff re-alleges and incorporates by reference all preceding factual allegations

as if fully set forth herein.

55.     Wawa violated Section 5 of the FTC Act (and similar state statutes) by failing to

use reasonable measures to protect Financial Information and not complying with industry

standards.

56.     Wawa's violation of Section 5 of the FTC Act (and similar state statutes)

constitutes negligence *per se*.

57.     Class members are consumers within the class of persons Section 5 of the FTC

Act (and similar state statutes) was intended to protect.

58.     Moreover, the harm that has occurred is the type of harm the FTC Act (and

similar state statutes) was intended to guard against. Indeed, the FTC has pursued over fifty

enforcement actions against businesses that, as a result of their failure to employ reasonable data security measures and avoid unfair and deceptive practices, caused the same harm suffered by Plaintiff and the Class.

59.     As a direct and proximate result of Wawa's negligence, Plaintiff and Class Members have been injured and are entitled to damages, including compensatory, punitive, and nominal damages, in an amount to be proven at trial.

## THIRD COUNT

### BREACH OF IMPLIED CONTRACT
**On Behalf of Plaintiff and the Nationwide Class, or Alternatively, on Behalf of Plaintiff and the Statewide Subclass**

60.     Plaintiff re-alleges and incorporates by reference all preceding factual allegations as if fully set forth herein.

61.     When Plaintiff and Class Members paid money and provided their Financial Information to Wawa in exchange for goods or services, they entered into implied contracts with Wawa pursuant to which Wawa agreed to safeguard and protect such information and to timely and accurately notify them if their data had been breached and compromised.

62.     Wawa solicited and invited prospective customers to provide their Financial Information as part of its regular business practices. These individuals accepted Wawa's offers and provided their Financial Information to Wawa. In entering into such implied contracts, Plaintiff and the Class assumed that Wawa's data security practices and policies were reasonable and consistent with industry standards, and that Wawa would use part of the funds received from Plaintiff and the Class to pay for adequate and reasonable data security practices.

63.    Plaintiff and the Class would not have provided and entrusted their Financial Information to Wawa in the absence of the implied contract between them and Wawa to keep the information secure.

64.    Plaintiff and the Class fully performed their obligations under the implied contracts with Wawa.

65.    Wawa breached its implied contracts with Plaintiff and the Class by failing to safeguard and protect their Financial Information and by failing to provide timely and accurate notice that their personal information was compromised as a result of a data breach.

66.    As a direct and proximate result of Wawa's breaches of their implied contracts, Plaintiff and the Class sustained actual losses and damages as described herein.

## FOURTH COUNT

### NEGLIGENCE PER SE FOR VIOLATION OF THE PENNSYLVANIA BREACH OF PERSONAL INFORMATION NOTIFICATION ACT, 73 PA. STAT. § 2301, *et seq.* On Behalf of Plaintiff Peck and the Pennsylvania Subclass

67.    Plaintiff re-alleges and incorporates by reference all preceding factual allegations as if fully set forth herein.

68.    Wawa is a business entity that maintains, stores, or manages computerized data that includes "personal information" as defined by 73 Pa. Stat. § 2302.

69.    Plaintiff and the Pennsylvania Sublass Members' Financial Information includes "personal information" as defined by 73 Pa. Stat. § 2302.

70.    Wawa was aware of a breach of its security system that it believed or reasonably should have believed had caused or would cause loss or injury to residents of Pennsylvania.

71.     Wawa had an obligation to disclose the Data Breach to Plaintiff and members of the Pennsylvania Subclass in a timely fashion, as mandated by 73 Pa. Stat. § 2303.

72.     Wawa's failure to disclose the Data Breach in a timely manner as required by 73 Pa. Stat. § 2303 constitutes negligence *per se.*

73.     As a direct and proximate result of Wawa's negligence in failing to comply with 73 Pa. Stat. § 2303, Plaintiff and the Pennsylvania Subclass Members sustained actual losses and damages as described herein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and Class Members demand judgment as follows:

A.     That the Court certify this action as a class action, proper and maintainable pursuant to Rule 23 of the Federal Rules of Civil Procedure; declare that Plaintiff is a proper class representative; and appoint Plaintiff's Counsel as Class Counsel;

B.     That the Court grant permanent injunctive relief to prohibit Wawa from continuing to engage in the unlawful acts, omissions, and practices described herein;

C.     That the Court award Plaintiff and Class Members compensatory, consequential, and general damages in an amount to be determined at trial;

D.     That the Court order disgorgement and restitution of all earnings, profits, compensation, and benefits received by Wawa as a result of its unlawful acts, omissions, and practices;

E.     That the Court award statutory damages, trebled, and punitive or exemplary damages, to the extent permitted by law;

F.     That Plaintiff be granted the declaratory relief sought herein;

G.      That the Court award to Plaintiff the costs and disbursements of the action, along

with reasonable attorneys' fees, costs, and expenses;

H.      That the Court award pre- and post-judgment interest at the maximum legal rate;

and

I.      That the Court grant all such other relief as it deems just and proper.

### **JURY TRIAL DEMANDED**

Plaintiff, on behalf of himself and others similarly situated, hereby requests a jury trial,

pursuant to Federal Rule of Civil Procedure 38, on all claims so triable.

Dated:  January 8, 2020                      Respectfully submitted,

Roberta D. Liebenberg
Mary L. Russell
Ria C. Momblanco
FINE, KAPLAN AND BLACK, R.P.C.
One South Broad St., 23rd Floor
Philadelphia, PA 19107
(215) 567-6565
rliebenberg@finekaplan.com
mrussell@finekaplan.com
rmomblanco@finekaplan.com

*Counsel for Plaintiff and the Proposed Class*